UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 13-102-HRW

PAUL A. FERGUSON, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds cause for remand.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for in August of 2010, alleging disability beginning on June 1, 2009, due to "back problems, bulging disc and sliped [*sic.*] disc (Tr. 205). This application was denied initially and on reconsideration. On January 10, 2012, an administrative hearing was conducted by Administrative Law Judge Brian LeCours (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Eugene Czuczman, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On February 9, 2012, the ALJ issued his decision finding that Plaintiff was not disabled. Plaintiff was 29 years old as of his June 1, 2009, alleged onset date, can communicate in English, and has a limited education (Tr. 18, 180, 204-05). Plaintiff has past relevant work experience as a mason, truck driver, tree trimmer, asbestos remover, and mover (Tr. 18, 206, 218). The ALJ determined Plaintiff had severe impairments of degenerative disc disease of the lumbar spine and status post left shoulder dislocation, but did not have an impairment or combination of impairments that met or equaled a listing (Tr. 13-15–Findings 3-4).
After a careful evaluation of all the evidence of record, the ALJ found Plaintiff had the RFC to perform light work, but he: (1) could only occasionally stoop, kneel, crouch, crawl, and climb ramps, stairs, and ladders; and (2) could only occasionally perform overhead lifting with his left upper extremity (Tr. 15–Finding 5). The ALJ then found Plaintiff could not return to his past relevant work, but, based on vocational expert (VE) testimony, could do other work that existed

in significant numbers in the national economy (Tr. 18–Findings 6, 10; 19, 64-66). The ALJ thus found Plaintiff was not disabled (Tr. 19–Finding 11).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 12 and 13] and this matter is ripe for decision.

## II. ANALYSIS

### A.   Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th

Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to consider the MRI of the Lumbar Spine dated August 27, 2009 in considering whether Plaintiff satisfied to requirement of Listing 1.04C and (2) the ALJ failed to give adequate reasons for discounting the opinion of Dr. Sunjata Gutti.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ failed to consider the MRI of the Lumbar Spine dated August 27, 2009 in considering whether Plaintiff satisfied to requirement of Listing 1.04C . Plaintiff is correct. There is no mention of this report in the ALJ's decision and given the requirements of Listing 1.04C, this MRI is relevant. Therefore, remand is appropriate for consideration of this evidence.

As the matter will be remanded, the Court need not address Plaintiff's second claim of error at this time.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** this matter is **REMANDED** and the cross-motions **OVERRULED** as **MOOT**.

This 25th day of September, 2014.



Signed By
Henry R. Wilhoit Jr.
United States District Judge